IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDRICK LEE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 05 C 5634 |
| | ) |
| COUNTY OF COOK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County Sheriff Michael Sheahan's ("Sheriff") and Defendant individual officers' ("Officers") motion to dismiss and motion in the alternative to transfer the case. This matter is also before the court on Defendant County of Cook's ("County") motion to dismiss and motion in the alternative to limit discovery. For the reasons stated below, we deny the Sheriff's and the Officers' motion to dismiss and motion to transfer in its entirety. We also grant in part and deny in part the County's motion to dismiss and deny the County's motion in the alternative to limit discovery.

## BACKGROUND

On June 26, 2000, Plaintiff Frederic Lee Walker ("Walker") became a detainee with the Cook County Department of Corrections ("CCDOC"), which is a department within the Cook County Sheriff's Office ("Sheriff's Office"). Walker claims that during his detainment with the CCDOC, he resided at the Cook County Jail ("CCJ"). Walker alleges that during his detainment in the CCDOC, CCDOC guards regularly used excessive force against him and the other detainees, and that this practice was condoned through a "code of silence" that exists between the guards, the CCDOC, and the Sheriff's Office. Walker also alleges that the guards who administer these beatings are rarely disciplined, that it is common knowledge that guards are free to use excessive force against detainees with impunity, and that guards routinely retaliate against detainees who complain or file grievances. Walker alleges that the CCDOC guards attacked him using excessive force on seven different occasions, that he was denied adequate medical attention, and that he was prevented from filing official grievances in response to these incidents. Walker also alleges that he has been a victim of other assaults in addition to those detailed in his complaint, that the CCDOC officers have incited other detainees to attack Walker, and that the CCDOC officers have confiscated Walker's confidential legal materials.

On February 16, 2006, Walker filed his first amended complaint, alleging both individual claims and claims on behalf of a putative class consisting of "all persons

who are currently, or will be in the future, incarcerated in the CCJ."  (A. Compl. Par. 10). Walker's class allegations include a claim of excessive force under 42 U.S.C. § 1983 ("Section 1983") (Count I), a Section 1983 claim for failure to protect (Count II), and a Section 1983 claim for retaliation (Count III).  Walker's individual claims include a Section 1983 claim for excessive force (Count IV), a Section 1983 claim for failure to protect (Count V), a claim of assault (Count VI), a claim of battery (Count VII), a claim of intentional infliction of emotional distress (Count VIII), a Section 1983 claim for inadequate access to medical care (Count IX), a Section 1983 claim for retaliation (Count X), and a claim for statutory indemnification against the County (Count XI).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).  The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

## DISCUSSION

The Officers and the Sheriff have moved to dismiss Walker's amended complaint in its entirety. The County has moved to dismiss the amended complaint to the extent that it seeks to hold the County liable for the actions of the Officers and

4

the Sheriff.

I.  The Officers' and the Sheriff's Motion to Dismiss

   A.  Class Claims (Counts I-III)

The Officers and the Sheriff move to dismiss Walker's class claims in Counts I through III.  Specifically, the Officers and the Sheriff argue that Walker's proposed class fails to meet the commonality and typicality requirement of Federal Rule of Civil Procedure 23.  (D. Mot. 3-8).  Such determinations, however, are premature at this point in the litigation, when there is no motion for class certification pending. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 895 (7th Cir.  1981)(stating that "some degree of discovery may be appropriate in certain cases to aid making the necessary class determinations [and that] [t]he pleadings are expected to be of assistance, but more information may be needed"); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001)(distinguishing between a district court's role at the motion to dismiss stage and the class certification stage).

The Officers and the Sheriff also argue that Walker has not properly plead facts supporting the class claims, and instead only alleges "various incidents concerning Walker alone." (D. Mot. 5).  However, Walker states specifically in his amended complaint that "CCDOC personnel frequently use levels of force against CCJ detainees that are unnecessary, excessive, and in violation of detainees' rights"

5

and that "CCDOC personnel have shown deliberate indifference to the safety of CCJ detainees." (A. Compl. Par. 124, 138). Such allegations are sufficient to state a claim under the notice pleading standard. *See Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002)(stating that any conclusions pled must "provide the defendant with at least minimal notice of the claim"). Therefore, the Officers' and the Sheriff's' motion to dismiss Walker's class claims in Counts I through III is denied as premature.

### B. Collateral Estoppel

The Officers and the Sheriff also move to dismiss Walker's complaint based on the doctrine of collateral estoppel. The Officers and the Sheriff argue that Walker is "ask[ing] the Court to assess the environment of the CCJ, [which would] invade on the existing Duran Consent Decree." (D. Mot. 8). According to the Officers and the Sheriff, "[t]he Duran [Consent] Decree involved the same or similar class that is asserted in the instant case . . . ." (D. Mot. 8).

In order to invoke the doctrine of collateral estoppel, "1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action." *Washington Group Intern., Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). The Officers and the

6

Sheriff have not shown that these elements are met in the instant action. First, the issues raised in the Duran Consent Decree are not identical to those raised in the instant action. Walker's complaint alleges issues relating to alleged excessive force by CCDOC officials, access to medical care, a "code of silence" by the Officers and the Sheriff, "trumped-up prisoner assault charges," and "retaliatory beatings and shakedowns." (A. Compl. Par. 12-18). The Duran Consent Decree, by contrast, states that:

> the goals to be attained include the avoidance of overcrowding and the provision of (1) adequate staffing, (2) adequate food supply and service, (3) adequate facilities and supplies for personal hygiene, (4) reasonable law library facilities and access thereto, (5) reasonable visiting privileges, (6) reasonable recreational facilities and access thereto, (7) appropriate classification standards and (8) reasonable environmental health conditions.

(Duran Consent Decree, 74 C 2949, 3). None of these issues are the same as the issues raised by Walker in his amended complaint. Second, consent agreements "ordinarily occasion no issue preclusion (sometimes called collateral estoppel), unless it is clear . . . that the parties intend their agreement to have such an effect." *Arizona v. California*, 530 U.S. 392, 414 (2000)(stating also that "[i]n most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented [and that] [t]hus consent judgments ordinarily support claim preclusion but not issue preclusion")(internal citations omitted); *see also Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th

7

Cir.1987). In the instant action, the Officers and the Sheriff do not argue that the parties to the Duran Consent Decree intended it to preclude all future litigation regarding conditions at the CCJ. We find that the Officers and the Sheriff have failed to establish that Walker's claims are barred by collateral estoppel, and therefore we deny the Officers' and the Sheriff's' motion to dismiss to the extent that it relates to the Duran Consent Decree.

The Officers and the Sheriff have requested in the alternative that the court transfer the instant action to the district court judge who entered the Duran Consent Decree and retained jurisdiction to enforce that decree. However, as we found above, the instant action raises completely different issues than the Duran Consent Decree and cannot be considered to be related to the enforcement of the Duran Consent Decree. Therefore, we deny the Officers' and the Sheriff's' request to transfer the instant action.

### C. Statute of Limitations

The Officers and the Sheriff seek to dismiss Walker's claims because a number of the instances of misconduct alleged by Walker fall outside of the two-year statute of limitations for Section 1983 claims. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)(stating that "[t]he correct statute of limitations for Section 1983 actions filed in Illinois is two years"). A plaintiff is not required to anticipate and respond to "an affirmative defense, such as the statute of limitations, in his

complaint," *Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003), but a plaintiff "can plead himself out of court if he alleges facts that affirmatively show that his suit is time-barred . . . ." *Id.*; *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that a plaintiff can plead himself out of court on the basis of a statute of limitations bar "where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Leavell v. Kieffer*, 189 F.3d 492, 494-95 (7th Cir. 1999)(stating that "[t]he statute of limitations is an affirmative defense [and that] [c]omplaints need not anticipate or plead around affirmative defenses" and stating that "there is no problem under Rule 12(b)(6)").

Walker filed his original complaint on September 29, 2005, and his first amended complaint on February 13, 2006. The Officers and the Sheriff argue that any specific instances of excessive force alleged by Walker that occurred prior to February 13, 2004, two years before Walker filed his amended complaint, are untimely. However, under Federal Rule of Civil Procedure 15©, any claims that "relate back" to the original complaint are treated as if they were filed at the time of the original complaint. Fed. R. Civ. P. 15©; *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006)(stating that "[t]he clearest case in which an amended complaint does not kick off a new suit is where the amendment 'relates back' to the original complaint [and that] then the fact that the statute of limitations has run . . .

9

is not a bar, as it would be if the amended complaint did not relate back-that is, if it stated a new claim and thus kicked off a new suit"). The Seventh Circuit has held that "[i]n general, relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts . . . ." *Bularz v. Prudential Ins. Co. of America,* 93 F.3d 372, 379 (7th Cir. 1996).

In the instant action, Walker's original complaint, filed *pro se*, alleged two counts relating to excessive force at the CCJ, but only cited one specific instance of such force. The claims in Walker's amended complaint also relate to alleged excessive force at the CCJ, but include a more descriptive factual background for these claims, including the additional specific instances of excessive force alleged. Therefore, because Walker's amended complaint is related to "the same core of facts" as his original complaint, we find that the amended complaint relates back to Walker's original complaint. *Id.* Accordingly, any specific instances of conduct alleged that occurred on or after September 29, 2003, are considered to be filed in a timely manner.

Walker's amended complaint does allege two specific instances of excessive force that occurred prior to September 29, 2003. Walker, however, states in his response brief to the instant motion that he is "seek[ing] money damages for injuries suffered during only those attacks that occurred after September 29, 2003, [and that he] included allegations regarding [the] attacks [prior to that date] because they illustrate the widespread use of excessive force within the CCJ . . . ." (Resp. D. Mot.

9-10). The Officers and the Sheriff state in their reply brief that they "accept this concession . . . ." (Rep. D. Mot. 7). Therefore, based on the parties' statements, we deny the Officers' and the Sheriff's' motion to dismiss to the extent that it relates to the two alleged specific instances of excessive force that occurred prior to September 29, 2003.

The Officers and the Sheriff, in their reply brief, argue that some of the defendant officers were not named as defendants in Walker's original complaint, and that Rule 15( c) "does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identify the proper party." (Rep. D. Mot. 7). The Officers and the Sheriff, however, did not raise this argument in their motion to dismiss. In fact, the Officers' and the Sheriff's' motion to dismiss did not even cite Rule 15( c), but instead relied on a district court opinion relating to class certification. (D. Mot. 10-12)(citing *Rahim v. Sheahan*, 2001 WL 1263493, at *1 (N.D. Ill. 2001). A party may not introduce novel arguments in its reply brief. *See Aliwoli v. Gilmore*, 127 F.3d 632, 635 (7th Cir. 1997)(quoting *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996) for statement that "[t]he reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court"). The introduction of the argument regarding the "relation back of the parties" by the Officers and the Sheriff in their reply brief is improper because Walker had no opportunity to respond to the argument. Therefore, we deny the

11

Officers' and the Sheriff's' motion to dismiss to the extent that it relates to the statute of limitations.

### D. Failure to Exhaust Administrative Remedies

The Officers and the Sheriff also move to dismiss based on Walker's alleged failure to follow the administrative remedies provided in the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The Seventh Circuit has stated that "[e]xhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, . . . or if the prisoner believes that exhaustion is futile . . . ." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

In the instant action, Walker alleges that he "prepared and submitted Detainee Grievance Forms and sought to exhaust his administrative remedies . . . ." (A. Compl. Par. 94). Walker also alleges that "his grievance forms were willfully and maliciously confiscated, destroyed and/or otherwise refused by correctional officers and other CCJ staff." (A. Compl. Par. 95). The Officers and the Sheriff cite *Dole v. Chandler* for the proposition that the Seventh Circuit "has taken a strict compliance

approach to exhaustion." *Id.* at 809. *Dole*, however, involved a determination of whether there was proper exhaustion at the summary judgment stage, after the parties had completed discovery, rather than at the motion to dismiss stage. *Id.* Walker alleges that he filed grievance forms with CCDOC officials, which is sufficient to survive a motion to dismiss. In addition, *Dole* stated that "[p]rison officials may not take unfair advantage of the exhaustion requirement . . and [that] a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.* Therefore, we deny the Officers' and the Sheriff's' motion to dismiss to the extent that it relates to the issue of Walker's exhaustion of administrative remedies.

E. Personal Capacity Claims against the Sheriff

The Sheriff moves to dismiss Walker's claims against him in his personal capacity. In order to be liable under Section 1983, a defendant must have been " personally responsible for the deprivation of a constitutional right [and a defendant] cannot be personally liable under a theory of respondeat superior." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). However, the Seventh Circuit has held that "[a]n official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id.* (internal citations omitted). In

13

the instant action, Walker contends that the Sheriff had "actual and constructive notice" of the constitutional violations alleged in his complaint and that the Sheriff was "deliberately indifferent in failing to remedy the problem." (A. Compl. Par. 129-30). Such allegations are sufficient to state a claim of personal liability at the motion to dismiss stage. Therefore, the Sheriff's motion to dismiss is denied to the extent that it relates to the Sheriff's liability in his personal capacity.

II. County's Motion to Dismiss

The County filed a separate motion to dismiss, claiming that the Sheriff and his officers are not County employees and that, thus, the County cannot be held liable for actions by the Sheriff or his employees. The Seventh Circuit has made it clear that "Illinois sheriffs are independently elected officials not subject to the control of the county" and that accordingly, a county cannot be held liable for actions by county sheriffs. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995)(citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)); *see also Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998). Accordingly, the County's motion to dismiss is granted to the extent that Walker is seeking to hold the County directly liable or liable under the doctrine of *respondeat superior* for the actions of the Sheriff or the Sheriff's employees.

Walker argues that the County's motion to dismiss should be denied to the extent that it relates to the County's liability for its own employees. Walker also

argues that he "may show that medical personnel from Cermak Hospital (employed by the County, not the Sheriff) were involved in some of the conduct alleged [such as] failing to investigate injuries caused by excessive force incidents, falsifying medical records, and/or failing to provide adequate medical care." (Resp. C. Mot. 2). Walker's amended complaint lists Does 1 thorough 100 as defendants, and includes Cook County employees in this category. Walker also alleges in his amended complaint that "Cook County personnel have displayed a deliberate indifference towards the serious medical needs of . . . Walker . . . ." (A. Compl. Par. 195). Such allegations are sufficient to state a claim against the County for the actions of County employees. Therefore, we deny the County's motion to dismiss to the extent that it relates to the actions of County employees.

Finally, under Illinois law, a county has an obligation to pay for any judgments entered against a sheriff's department. *See Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 138 (Ill. 2003) (citing 745 ILCS 10/9-102, 55 ILCS 5/4-6003, and 55 ILCS 5/5-1106). Accordingly, the Seventh Circuit has stated that "[b]ecause [Illinois] state law requires . . . count[ies] to pay, federal law deems [a county] an indispensable party to" litigation brought against a sheriff's department. *See Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003)(stating also that "in the future counties *must* be named as parties")(emphasis added). The County argues that Walker "has not asserted a *Carver* indemnification claim . . . ." ( C. Mot. 4). Count XI of Walker's complaint, however, is a claim for

statutory indemnification by the County under Illinois law. The County also argues that "*Carver* indemnification does not apply to claims under state law." (Rep. C. Mot. 2). *Carver*, however, does not stand for the idea that a county is only required to indemnify a sheriff for federal claims. Instead, *Carver* held that a county is a necessary party under the Federal Rules of Civil Procedure in such cases because Illinois state law requires indemnification. *Carver,* 324 F.3d at 948. Therefore, we deny the County's motion to dismiss to the extent that it relates to the County's indemnification of the Sheriff.

The County requests, in the alternative, that the court order that the County is not subject to discovery by Walker. The County, however, has not provided sufficient justification for such a wide-sweeping order, and any particular discovery issues may be resolved on a case-by-case basis. Therefore, we deny the County's request to limit discovery.

## CONCLUSION

Based on the foregoing analysis, we deny the Officers' and the Sheriff's' motion to dismiss and motion in the alternative to transfer. We grant the County's motion to dismiss to the extent that Walker is seeking to hold the County directly liable or liable under the doctrine of *respondeat superior* for the actions of the Sheriff or the Sheriff's employees. We deny the County's motion to dismiss to the

extent that it relates to the actions of County employees and to the County's indemnification of the Sheriff. We also deny the County's request in the alternative to limit discovery.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 28, 2006