## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FREDRICK LEE WALKER,       )
                                   )
              Plaintiff,     )
                                   )
         v.            )     No.  05 C 5634
                                   )
COUNTY OF COOK,        )
et al.,                            )
                                   )
           Defendants.   )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Sheriff Michael Sheahan's ("Sheriff"), Defendant individual officers' ("Officers"), and County of Cook's ("County") motion to adopt Defendant Vincent E. Garrett's ("Garrett") affirmative defenses (collectively referred to as "Defendants"). This matter is also before the court on Sheriff's, Officers', County's, and Garrett's motions for summary judgment. For the reasons stated below, we grant Sheriff's, Officers', and County's, motion to adopt Garrett's affirmative defenses. In addition, we grant Defendants' motions for summary judgment and dismiss as a matter of law Plaintiff Frederic Lee Walker's ("Walker") statutory indemnification claim against County.

# BACKGROUND

On June 26, 2000, Walker became a detainee with the Cook County Department of Corrections ("CCDOC"), which is a department within the Cook County Sheriff's Office ("Sheriff's Office"). Walker claims that during his detainment with the CCDOC, he resided at the Cook County Jail ("CCJ"). Walker alleges that during his detainment in the CCDOC, CCDOC guards regularly used excessive force against him and the other detainees, and that this practice was condoned through a "code of silence" that exists between the guards, the CCDOC, and the Sheriff's Office. Walker also alleges that the guards who administer these beatings are rarely disciplined, that it is common knowledge that guards are free to use excessive force against detainees with impunity, and that guards routinely retaliate against detainees who complain or file grievances. Walker alleges that the CCDOC guards attacked him using excessive force on seven different occasions, that he was denied adequate medical attention, and that he was prevented from filing official grievances in response to these incidents. Walker also alleges that he has been a victim of other assaults in addition to those detailed in his complaint, that the CCDOC officers have incited other detainees to attack Walker, and that the CCDOC officers have confiscated Walker's confidential legal materials. Specifically, Walker's allegations include incidents on the following dates: February 9, 2003, February 21, 2003, November 24, 2003, January 11, 2004, January 14, 2004, September 8, 2004, October 6, 2004, November 15, 2005, and January 5, 2006.

On February 16, 2006, Walker filed his first amended complaint, alleging both

individual claims and claims on behalf of a putative class consisting of "all persons who are currently, or will be in the future, incarcerated in the CCJ." (A. Compl. Par. 10). Walker's class allegations include a claim of excessive force under 42 U.S.C. § 1983 ("Section 1983") (Count I), a Section 1983 claim for failure to protect (Count II), and a Section 1983 claim for retaliation (Count III). Walker's individual claims include a Section 1983 claim for excessive force (Count IV), a Section 1983 claim for failure to protect (Count V), a claim of assault (Count VI), a claim of battery (Count VII), a claim of intentional infliction of emotional distress (Count VIII), a Section 1983 claim for inadequate access to medical care (Count IX), a Section 1983 claim for retaliation (Count X), and a claim for statutory indemnification against the County (Count XI).

On May 8, 2006, Sheriff and Officers moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the instant action or, in the alternative, to transfer the instant action. On May 8, 2006, County also moved to dismiss the instant action pursuant to Rule 12(b)(6) or, in the alternative, to limit discovery. On June 28, 2006, we denied the Officers' and the Sheriff's motion to dismiss and motion in the alternative to transfer, granted County's motion to dismiss to the extent that Walker was seeking to hold the County directly liable or liable under the doctrine of *respondeat superior* for the actions of the Sheriff or the Sheriff's employees, denied County's motion to dismiss to the extent that it relates to the actions of County employees and to the County's indemnification of the Sheriff, and denied County's request in the alternative to limit discovery. Sheriff, Officers,

and County now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id*. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The

court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I.  Motion to Adopt Affirmative Defenses

On March 2, 2007, Sheriff, Officers, and County filed a motion to adopt the affirmative defenses of Garrett.  Walker argues that the motion is untimely and that Sheriff, Officers, and County have not provided adequate notice to Walker of the amendment of affirmative defenses.  However, Walker was put on notice that such affirmative defenses would be presented to the court by Garrett and, as such, Walker will not be prejudiced by allowing Sheriff, Officers, and County to adopt Garrett's affirmative defenses.  Therefore, we grant Sheriff's, Officers', and County's motion to adopt the affirmative defenses of Garrett.

II.  Statute of Limitations

Section 1983 claims brought in Illinois are governed by the statute of limitations for personal injury actions under Illinois law, which is a two-year statute of limitations period.  *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005). Illinois local governmental entities and employees are protected by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, which provides a

one year statute of limitations period for state law claims. 745 ILCS 10/8-101. Thus, the two-year statute of limitations period applies to a Section 1983 claim and the one-year statute of limitations period applies to any state law claims that are brought along with the Section 1983 claim. *Williams*, 399 F.3d at 870.

A. Section 1983 Statute of Limitations

Defendants move for summary judgment on certain of Walker's Section 1983 claims since Defendants argue that a number of the alleged misconduct falls outside of the two-year statute of limitations for Section 1983 claims. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)(stating that "[t]he correct statute of limitations for Section 1983 actions filed in Illinois is two years"). As noted in this court's memorandum opinion dated July 28, 2006, Walker filed his original complaint on September 29, 2005, and filed his amended complaint on February 13, 2006. However, pursuant to Federal Rule of Civil Procedure 15(c), amended pleadings may relate back to the date of the original pleading if:

. . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the same claim is asserted] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>
> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2), (3). Thus, claims that "relate back" to the original complaint are treated as if they were filed at the time of the original complaint. Fed. R. Civ. P. 15(c).

Walker argues that his claims are not time-barred since his amended complaint relates back to his original complaint. This court's July 28, 2006, memorandum opinion determined that, based on the facts alleged in the amended complaint and pursuant to the federal notice pleading standard, "[t]he claims in Walker's amended complaint . . . related to alleged excessive force at the CCJ" and that "Walker's amended complaint is related to 'the same core of facts' as his original complaint. . . ." (7/28/06 Mem. Op.); *see Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). However, discovery has been completed and the undisputed evidence shows that, other than those Defendants involved in the September 8, 2004, incident, none of the Defendants named in the amended complaint were involved in the incidents alleged in Walker's original complaint. Further, Walker has not shown that he made an error

"concerning the identity of the proper party" when he filed his original complaint. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)(quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)(quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980))). Rather, based on the undisputed evidence, Walker merely had "a simple lack of knowledge of the identity of the proper party" when he filed the original complaint. *Id*. at 704-05; *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir. 1996). Therefore, based on the undisputed evidence that surfaced during discovery, we find that Walker's amended complaint does not relate back to the filing of his original complaint and only those instances of conduct that occurred on or after February 13, 2004, are considered to be timely filed.

Finally, Walker argues that Sheriff and Officers have waived the statute of limitations defense since Sheriff and Officers did not include the affirmative defense in their answer to Walker's amended complaint. However, Walker was put on notice of the statute of limitations issue when Defendants filed their motions to dismiss on July 18, 2006, and, thus, Walker was not prejudiced by the inclusion of the statute of limitations affirmative defense. Therefore, based on the undisputed facts, only those instances of conduct that occurred on or after February 13, 2004, are considered to be timely filed, and the alleged conduct that occurred on February 9, 2003, February 21, 2003, November 24, 2003, January 11, 2004, and January 14, 2004, are time-barred. Based on the analysis above, we grant summary judgment on Walker's Section 1983 claims as to Counts I, II, IV, V, IX, and X brought against Michael Barton, Joshua

Bertels, Luis Cruz, Michael Dembosz, James Duffy, Peter Giunta, Clifford Harmon, Larry Kowaluk, Joshua Norris, Javier Rueda, and Frank Savala.


### B. State Claims Statute of Limitations

Defendants move for summary judgment on Walker's state law claims since the alleged misconduct falls outside of the one-year statute of limitations for the state law claims. The statute of limitations period for the state law claims is one year. 745 ILCS 10/8-101. *Williams*, 399 F.3d at 870. As noted above, Walker filed his original complaint on September 29, 2005, and filed his amended complaint on February 13, 2006, and the amended complaint did not relate back to Walker's original complaint. As such, only those instances of conduct that occurred on or after February 13, 2005 can be considered. Walker's state law claims include incidents that occurred on February 9, 2003, February 21, 2003, November 24, 2003, January 11, 2004, January 14, 2004, September 8, 2004, and October 6, 2004. Thus, based on the undisputed facts, no instances of conduct in relation to Walker's state law claims occurred on or after February 13, 2005, and such claims have not been timely filed and, accordingly, we dismiss Walker's state law claims as to Counts VI through VIII.


### III. Section 1983 Individual Liability Claims

Sheriff moves for summary judgment on Walker's Section 1983 claims brought against Sheriff individually because there is no evidence that suggests

personal involvement by Sheriff. The Seventh Circuit has made it clear that "the doctrine of *respondeat superior* does not apply to § 1983 actions. . . ." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, an individual cannot be held liable under Section 1983 in his individual capacity unless he "participated directly in the constitutional violation." *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003)(stating that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation"). For a supervisor to be held liable under Section 1983 for acting in his supervisory role, a plaintiff must show that the supervisor directed the constitutional deprivation or that it occurred with his "knowledge and consent." *Id.* (indicating that a plaintiff must show that the supervisor knew "about the conduct and facilitated it, approved it, condoned it, or turned a blind eye").

In the instant action, the undisputed evidence shows that Michael Sheahan was Sheriff of Cook County. However, the undisputed evidence also shows that Michael Sheahan was not present at the scene at the time of the allegations made by Walker. In addition, Walker has failed to present evidence that shows that Michael Sheahan authorized the alleged incidents against Walker. Further, Walker has failed to present evidence that Michael Sheahan knew of the alleged actions but failed to act. Finally, Walker admits that Michael Sheahan should not be held liable in his individual capacity and Walker "does not oppose dismissal of" the claims brought against Michael Sheahan in his individual capacity. (SJ Ans. 2 n. 1). Thus, the

undisputed evidence shows that Michael Sheahan did not "cause[] or participate[] in a constitutional deprivation," *Hildebrandt*, 347 F.3d at 1039, and no reasonable trier of fact could find that Michael Sheahan acted with deliberate indifference to the alleged incidents since Michael Sheahan was not present during the alleged incidents and Michael Sheahan did not have advance notice that the alleged incidents would take place. Therefore, we grant Sheriff's motion for summary judgment as to Walker's Section 1983 claims brought against Michael Sheahan individually. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997)(finding that supervisors were not responsible for unlawful search since the supervisors had no personal involvement because they were not present when the search took place).

IV.  Section 1983 Official Capacity Claims

Sheriff moves for summary judgment on Walker's Section 1983 claims brought against Michael Sheahan in his official capacity. Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for violations pursuant to Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs.*, 183 F.3d 734, 737 (7th Cir. 1999); *see Estate of Novack v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). A local governmental

unit's unconstitutional policy or custom can be shown by: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). Sheriff argues that Walker has failed to show that any policies or practices caused a violation of Walker's constitutional rights.

Sheriff argues that Walker is unable to show the use of a policy that is unconstitutional. Further, pursuant to Local Rule 56.1, Walker admits that the undisputed evidence shows that a policy is in place to investigate any alleged mistreatment of prisoners by correctional officers and that correctional officers are disciplined if they use excessive force. Walker also admits under Local Rule 56.1 that the level of acceptable force used by correctional officers in the CCJ is based on the Use of Force Module ("UFM") and the Cook County Department of Corrections's General Order 9.16 ("CCDC General Order 9.16"). Walker further admits that the amount of force used by the corrections officers towards a detainee is dependant on the detainee's actions. (D SMF. 11). For example, if a detainee is passively resisting corrections officers, by sitting down and not responding to verbal commands, the corrections officers may use verbal commands to correct the situation, (D SMF. 8), or if the detainee is using physical actions, such as not allowing officers to handcuff the detainee or has the potential to cause serious bodily injury or death, the corrections officers may use physical force to restrain the

detainee. In addition, Walker "does not dispute that a purpose of using force under the [UFM] is supposed to be to gain control of a detainee, and that once a detainee is under control no further force is necessary." (P Resp. D SOF 13). It is also admitted by Walker that supervisors are informed when corrections officers use force, (D SOF 71), and that any allegations of misconduct by corrections officers is investigated by the Internal Affairs Department. (D SOF 73, 74).

Walker's use of inadmissible evidence, such as newspaper clippings and hearsay, as well as blanket objections to certain of Defendants' statements of undisputed material facts without further correct citation to the record does not create a disputed material issue of fact that may avoid summary judgment. *See Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003)(stating that "summary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'")(quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). Finally, relying on the complaint is insufficient to show that there was any policy, practice, or custom created or endorsed by the CCJ in its operations that resulted in the alleged misconduct. Walker has not pointed to sufficient evidence that a CCJ policy, custom, or practice resulted in a deprivation of his constitutional rights or that this issue is genuinely disputed. As a result, the CCJ's policies, practices or customs are not in any way implicated. Therefore, we grant summary judgment on Walker's Section 1983 claims brought against Michael Sheahan in his official capacity in Counts I, II, III, IV, V, IX, and X.

## V. Failure to Adequately Plead in Complaint as to Steadman

David Steadman ("Steadman") moves for summary judgment on all counts because Walker has failed to satisfy the notice pleading standard pursuant to Federal Rule of Civil Procedure 8. Under the Federal Rules of Civil Procedure, it is not necessary for a plaintiff to set out in detail the facts upon which he bases his complaint. Fed. R. Civ. P. 8. Pursuant to Federal Rule of Civil Procedure 8, the plaintiff must only provide a "short and plain statement of the claim." Fed. R. Civ. P. 8(a), (e). Walker fails to meet this standard as the amended complaint is devoid of any mention of the existence upon which Steadman should be included in the amended complaint. Although the Federal Rules allow liberal notice pleading, they do not "allow a plaintiff to abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief." *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982).

Walker contends that "there is no indication that Steadman had any doubt about why he was named in the complaint." (SJ Ans. 20 n. 11). However, Steadman is only named in the complaint, as Walker admits, (SJ Ans. 20), in paragraph 38, which states that "Steadman was at all times relevant employed by the CCJ as a correctional officer" and that "Steadman is sued in his official and personal capacities." (A. Compl. Par. 38). Such a statement simply sets out that Steadman worked for the CCJ and that he is being sued by Walker. This statement is insufficient to make out a viable claim against Steadman. In addition, pursuant to

14

Local Rule 56.1, Walker admits that he failed to identify Steadman as a corrections officer that was a party to the instant action. Therefore, we grant summary judgment in favor of Steadman on Counts I through X.

Walker also asks this court to allow him "to amend his complaint to include Steadman by name in the January 14, 2004" allegations. (SJ Ans. 20 n. 11). However, Walker's answer to Defendants' motion for summary judgment is not the proper forum to present a motion to file a second amended complaint. In addition, we have already determined that only those instances of conduct that occurred on or after February 13, 2004, are considered to be timely filed, and such an allegation by Walker against Steadman would be time-barred and the amendment would thus be futile. Therefore, we deny Walker's motion to file a second amended complaint.

## VI. Exhaustion of Administrative Remedies

Defendants move for summary judgment as to the alleged incidents that took place on October 6, 2004, November 15, 2005, and January 5, 2006, contending that Walker failed to exhaust his administrative remedies as to these alleged instances. The Prison Litigation Reform Act of 1996 ("PLRA") provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under Section 1983, "[i]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a

problem, then the prisoner must utilize that administrative system before filing a claim." *Massey v. Helma*n, 196 F.3d 727, 733 (7th Cir. 1999). As the Seventh Circuit has noted, an inmate must comply with the rules established by the State with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002). In addition, "administrative remedies are exhausted when prison officials fail to respond to inmate grievances because those remedies had become unavailable." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

In the instant action, the undisputed evidence shows that Walker failed to file grievances with the CCJ for alleged incidents that occurred on October 6, 2004, November 15, 2005, and January 5, 2006. Plaintiff admits, pursuant to Local Rule 56.1, that he is familiar with the grievance procedures for the CCJ as Walker has been incarcerated for three years at the facility and has filed multiple grievances without difficulty. *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). Pursuant to Local Rule 56.1, Walker also admits that he did not file a grievance as to the October 6, 2004, incident. (R SOF 70). Finally, even if this court were to find that Walker filed the initial grievances for the alleged incidents that occurred on October 6, 2004, November 15, 2005, and January 5, 2006, Walker admits, pursuant to Local Rule 56.1, that he never appealed the denial of the grievances. Based on the analysis above, Walker has failed to exhaust his administrative remedies as to the alleged instances that occurred on October 6, 2004,

November 15, 2005, and January 5, 2006, and we grant Defendants' motion for summary judgment on those claims arising on those dates, which includes Counts I, II, III, IV, V, IX, and X, in their brought entirety against William Alexander, S. Brown, Michael Miller, Paris Patterson, Elliott Taylor, and Counts I, II, III, IV, V, IX, and X partially brought against Jeffery Black and Charlie Garner.


## VII.  Failure to Intervene (Count V)

Walker has included in the amended complaint what he deems to be a Section 1983 failure to protect claim.  However, upon review of the allegations in the complaint, the true cause of action that Walker seeks is a Section 1983 failure to intervene claim.  For a Section 1983 claim based on an officer's failure to intervene to prevent excessive force, a plaintiff must show that the officer failing to intervene had reason to know that excessive force was being used and had a reasonable opportunity to step in and prevent the excessive force.  *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  In the instant action, the undisputed evidence does not show that any officer failed to intervene during the September 8, 2004, incident.  In addition, Walker has failed to present any evidence to support his claim that any of the Defendants failed to prevent the use of excessive force against Walker.  In addition, Walker has merely provided conclusory allegations that excessive force was used against him.  Walker's conclusory allegations of use of excessive force are not sufficient to survive the summary judgment stage.  Therefore, no reasonable jury

could find other than that Defendants did not fail to intervene to prevent excessive force and we grant Defendants' motion for summary judgment as to Count V.

## VIII.  Inadequate Access to Medical Care Claim (Count IX)

Walker alleges in his amended complaint that he received inadequate access to medical care.  For pretrial detainees like Walker, failure to provide medical care is analyzed under the Fourteenth Amendment.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Bell v. Wolfish*, 441 U.S. 520 (1979).  To make out a viable claim, Walker must show that officials acted with deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998). This case shows no deliberate indifference to Walker's medical needs. Walker admits, pursuant to Local Rule 56.1, that he was taken to the emergency room, hospital, and psychologist within a reasonable amount of time.  In addition, Walker admits, pursuant to Local Rule 56.1, that he refused to see the doctor once he arrived at the emergency room.  Defendants were not required to do more than take Walker for medical treatment, which they did.  Therefore, we grant Defendants' motion for summary judgment on Walker's inadequate access to medical care claim (Count IX).

## IX.  Retaliation Claim (Count X)

Walker alleges in the amended complaint that Defendants retaliated against Walker for Walker's filing of complaints, grievances, and the instant action.

Retaliation for the exercise of a constitutionally protected right is actionable under Section 1983, even if the act, if taken for a different reason, would have been proper. *See Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir. 1984). In order to establish a claim for retaliation: (1) the plaintiff must show that the activity in question was protected and (2) the plaintiff must demonstrate that his protected activity was a "substantial or motivating factor" in the decision or action taken against him. *Buise v. Hudkins*, 584 F.2d 223, 231 (7th Cir. 1978). The defendant has the opportunity to defeat the plaintiff's claim by showing that the same action would have been taken even in the absence of the protected conduct. *Buise*, 584 F.2d at 231; *see also Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977). The burden then shifts back to the plaintiff, who must show that the stated reasons were pretextual. *Buise*, 584 F.2d at 231. Defendants move for summary judgment on Walker's retaliation claim (Count X).

As to Walker's protected activity, Walker's complaints to prison officials, grievances, and instant litigation constitute a "protected" activity since "the Constitution protects an inmate's access to the courts, [and] prison officials may not retaliate against those who seek or obtain such access. . . ." *DeTomaso v. McGinnis*, 970 F.2d 211, 214 (7th Cir. 1992). However, the undisputed facts do not support a finding that Defendants initiated disciplinary proceedings, harassed, beat, or otherwise retaliated against Walker in retaliation for his complaints, grievances, and litigation and we discern no basis for inferring retaliation.

Walker's conclusory assertions are insufficient to defeat summary judgment and Walker has failed to show that he would have escaped discipline but for the fact that he filed complaints, grievances, and the instant action. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *see Brookins v. Kolb*, 990 F.2d 308, 315 (7th Cir. 1993)(inmate's transfer was not retaliatory in nature because he was transferred for violating prison policy, and not for exercising a constitutionally protected right); *see see also Johnson*, 325 F.3d at 901(stating that at the summary judgment stage "a party must show what evidence it has that would convince a trier of fact to accept its version of events'")(quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). Based on the analysis above, no reasonable jury could find other than that Defendants did not retaliate against Walker for the exercise of a constitutionally protected right and we grant Defendants' motion for summary judgment as to Count X.

## X. Claims Against Does 1 Through 100

Walker also brought the instant action against Defendant John Doe officers 1 through 100. Walker had the burden "of taking the steps necessary to identify the officer[s] responsible for his injuries." *Strauss v. City of Chicago*, 760 F.2d 765, 770 (7th Cir. 1985). Discovery has long since passed and Walker has failed to identify any additional officers responsible for the alleged harm to him. In addition, based on our analysis above, Walker's claims cannot survive the summary judgment stage

litigation.  Therefore, we grant Defendants' motion for summary judgment as to the John Doe Defendants.

## XI.  Class Claims (Counts I, II, and III)

Walker has included what he titles "Class Claims" in his complaint, even though Walker has not moved for class certification nor has the court certified any class.  Thus, there are no viable claims in this case being brought on behalf of class members.

## XII.  Statutory Indemnification

Walker brought a claim for statutory indemnification against County pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/46-1 and 5-1106.  Based on the analysis above, no active claims against Defendants remain.  Therefore, as a matter of law, we dismiss Walker's claim for statutory indemnification (Count XI).

## CONCLUSION

Based on the foregoing analysis, we grant Sheriff's, Officers', and County's motion to adopt Garrett's affirmative defenses. In addition, we grant Defendants' motions for summary judgment on all counts and dismiss as a matter of law Walker's statutory indemnification claim against County.



_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 28, 2007