# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FREDRICK LEE WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 05 C 5634 |
| | ) |
| | ) |
| **COUNTY OF COOK, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Fredrick Lee Walker's ("Walker") Motions in Limine. This matter is also before the court on Defendant Vincent E. Garrett's ("Garrett") Motions in Limine and Defendants' Motions in Limine. For the reasons stated below, we deny Walker's Motions in Limine, we grant Garrett's Motions in Limine, and we grant Defendants' Motions in Limine.

## DISCUSSION

This matter is set for trial on January 12, 2009. The parties have filed pretrial motions.

1

I. Defendant Garrett's Motions in Limine

Garrett has filed Motions in Limine on behalf of himself and has included in his Motions in Limine a request to adopt the motions in limine filed by his co-Defendants. (G Mot. in Lim. 8). Walker has not contested Garrett's request to join in the Motions in Limine filed by Garrett's co-Defendants. Therefore, we grant Garrett's motion to join in the Motions in Limine filed by Garrett's co-Defendants.

A. Evidence of Disciplinary Records (G Mot. in Lim. 1)

Garrett moves in his Motion in Limine number 1 to bar Walker from offering any testimony, evidence, or argument regarding the prior disciplinary records of any of the Defendant officers or Sheriff's Office Personnel ("Sheriff Personnel") called as witnesses. Walker opposes the motion arguing that Garrett has not provided sufficient detail in his motion and further arguing that certain prior disciplinary records have a probative value that outweighs their prejudicial effect. Pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), a plaintiff may not offer evidence of prior bad acts character evidence in order to show conformity with those prior bad acts. Fed. R. Evid. 404(b). Furthermore, all evidence is inadmissible where the prejudicial effect of the evidence "substantially" outweighs its probative value. Fed.

R. Evid. 403. In this case, records relating to the prior actions of the Defendant officers or Sheriff Personnel is prior bad acts evidence that is inadmissible under Rule 404(b). In opposing Garrett's motion, Walker has not adequately shown that such evidence would be admissible under Rule 404(b) and Garrett has shown that the prejudicial effect of such evidence would substantially outweigh its probative value. Therefore, we grant Garrett's Motion in Limine number 1.

### B. Other Incidents of Excessive Force (G Mot. in Lim. 2)

Garrett moves in his Motion in Limine number 2 to bar all evidence regarding other publicized incidents of alleged excessive force that are unrelated to Walker's claims. Walker argues that such a request is overbroad and would bar potentially admissible media accounts of prior incidents. The probative value of publicized instances of excessive force is limited given that such incidents are unrelated to Walker's specific claims of excessive force. Furthermore, as Garrett correctly points out, the prejudicial effect of such evidence could be substantial given the public nature of such events and would unfairly prejudice a jury. Fed. R. Evid. 403. Therefore, we grant Garrett's Motion in Limine number 2.

### C. Evidence of the Permanency of Walker's Injuries (G Mot. in Lim. 3)

Garrett moves in his Motion in Limine number 3 to bar any evidence or argument that Walker has suffered permanent injuries or will have future medical problems or the need for medical treatment in the future as a result of Defendants' actions. In support of his motion, Garrett points to the fact that Walker has not disclosed witnesses that are competent to testify about any lasting effects of Walker's alleged injuries. In opposition to the motion, Walker points out that, under Seventh Circuit precedent, Walker himself is entitled to testify about aspects of his injuries including the pain he is experiencing, the treatment he has received and other aspects not outside of a layperson's understanding. (W Ans. G Mot. in Limine 3, 1); *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). While it is certainly true that Walker can testify about matters such as the pain he experienced as a result of his alleged injuries, Walker has not shown that he is qualified to testify about the permanency of his injuries or the likelihood that he will need certain medical care in the future. Walker has also not shown that he properly disclosed, pursuant to Federal Rule of Civil Procedure 26(a)(2), any expert qualified to testify as to the permanency of his injuries. Therefore, we grant Garrett's Motion in Limine number 3.

D. Evidence of Prior Bad Acts (G Mot. in Lim. 4)

Garrett moves in his Motion in Limine number 4 to bar all prior bad acts character evidence that is inadmissible under Rule 404(b) including evidence relating to a prior incident where Garrett was accused by another inmate of exercising excessive force. Walker argues that such evidence is admissible to prove Garrett's intent with respect to the actions by Garrett alleged in the instant action. It is Walker's allegations that are the subject-matter of this trial and not the unrelated prior allegations of excessive force by prior other inmates. Walker has not shown that any evidence of alleged prior bad acts of the Defendant officers and Sheriff Personnel would be used for any purpose other than to show propensity to commit the act alleged in this case. Such evidence is barred by Rule 404(b). Furthermore, the Seventh Circuit has stated that prior bad acts evidence can only be admissible if "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Mallett*, 496 F.3d 798, 801 (7th Cir. 2007). In this case, Walker has not shown that the

specific prior alleged incident raised in regards to Garrett was sufficiently related to the allegations in the instant case or that the evidence relating to that incident is probative to the extent that it is not substantially outweighed by its prejudicial effect. Furthermore, Garrett is correct in asserting that prior bad acts by the Defendant officers or Sheriff Personnel that are offered for the purposes of showing propensity to commit such offenses are inadmissible at trial. Therefore, we grant Garrett's Motion in Limine number 4.

E. Prior Conduct and Reputation Evidence (G Mot. in Lim. 5)

Garrett moves in his Motion in Limine number 5 to bar all testimony, evidence, or argument regarding prior alleged conduct or reputation of Garrett. Garrett also moves to bar witnesses put on by Walker from testifying about matters before the dates of the incidents in question where such alleged conduct does not bear any relationship to the conduct on the dates and times of the incidents. As discussed above, Rule 404(b) bars such evidence where offered to show conformity with such prior bad acts or reputation. Fed. R. Evid. 404(b). Therefore, we grant Garrett's Motion in Limine number 5 to the extent that it relates to evidence offered to show propensity.

F. Evidence of Indemnification (G Mot. in Lim. 6)

Garrett moves in his Motion in Limine number 6 to bar any references to the fact that Garrett may be indemnified by the County of Cook for compensatory damages and any references to Garrett's attorney being a "Special State's Attorney" or "County Lawyer." (G Mot. In Lim. 6, 1). Walker has not opposed Garrett's motion and states that he does not intend to elicit such testimony and does not intent to argue to the jury that defense counsel are "Special State's Attorneys." (W Ans. G Mot. In Lim. 6, 2). Therefore, we grant Garrett's Motion in Limine number 6.

G. Evidence of a "Code of Silence" (G Mot. in Lim. 7)

Garrett moves in his Motion in Limine number 7 to bar any evidence or argument by Walker relating to an alleged "code of silence" on the part of the Defendant officers or Sheriff Personnel. (G. Mot. In Lim. 7, 1). Walker raised such allegations of a "code of silence" in reference to his *Monell* claims against the Sheriff's Office. However, the Seventh Circuit found that Walker had failed to demonstrate that there was widespread excessive force, inadequate training or a code of silence, and upheld this court's finding that the sheriff's office was entitled to summary judgment. *Walker*, 526 F.3d at 977. Walker has not shown that evidence relating to an alleged "code of silence" is relevant to the surviving claims. Therefore,

we grant Garrett's Motion in Limine number 7.

II. Defendants' Motions in Limine

All Defendants have also brought joint Motions in Limine and have included a motion to adopt the Motions in Limine filed by Garrett. (Ds Mot. in Lim. 10). Walker has not contested Defendants' request to join in the motions in limine filed by Garrett. Therefore, we grant Defendants' motion to join in the Motions in Limine filed by Garrett.

A. Previously Undisclosed Witnesses (Ds Mot. in Lim. 1)

Defendants move in their Motion in Limine number 1 to bar any witnesses that were not previously disclosed to Defendants and to exclude witnesses from the courtroom during trial. Walker has indicated that he has no objection to Defendants' motion in principle and states that he has no intention to call any witnesses that were not previously disclosed. (W. Ans. Ds Mot. in Lim. 1, 1). Therefore, we grant Defendants' Motion in Limine number 1. Walker also asks in his response to the motion for certain witnesses of Defendants to be barred based on the fact that Walker claims Defendants have not provided sufficient contact information regarding these witnesses. (W. Ans. Ds Mot. in Lim 1, 2-4). Such a request in an answer to a

motion is improper and should have been brought in a separate motion. We therefore deny the request.

B. Media Accounts (Ds Mot. in Lim. 2)

Defendants move in their Motion in Limine number 2 to bar newspaper articles and media accounts as evidence. Defendants argue that if Walker intends to use such evidence he must be required to obtain prior approval. Walker states in response that he has no intention of using such evidence but may use such evidence if necessary to rebut testimony or for impeachment. (W. Ans. Ds Mot. in Lim. 2, 1). We agree with the Defendants that media accounts, by their very nature, maintain an inherent prejudicial effect, and we find that it is not unreasonable to require both parties to obtain prior approval from the court prior to the introduction of such evidence. Therefore, we grant Defendants' Motion in Limine number 2.

C. Use of Past Convictions and Prior Bad Acts of Walker (Ds Mot. in Lim. 3)

Defendants move in their Motion in Limine number 3 to admit use of past convictions and certain prior bad acts evidence of Walker and his witnesses. Specifically, Defendants move to use prior criminal convictions of Walker and his witnesses in conformity with Federal Rule of Evidence 609, as well as prior specific acts of misconduct by Walker relating specifically to Walker's retaliation claims.

9

Federal Rule of Evidence 608(b) ("Rule 608(b)") allows cross examination of a witness as to that witness' truthfulness and Federal Rule of Evidence 609 ("Rule 609") allows admission of witnesses convictions if punished by more than one year and within ten years of the date of release. Fed. R. Evid. 608(b); Fed. R. Evid. 609. Prior felony convictions of Walker and Walker's witnesses within the past ten years are admissible under Rule 609. Walker and his witnesses may be questioned about prior convictions and convicted counts. However, Defendants cannot question Walker and Walker's witnesses about the details underlying the convictions. Furthermore, such impeachment cannot be accomplished with the use of extrinsic evidence and must only be inquired upon in cross examination. *Young v. James Green Management,* Inc., 327 F.3d 616, 627 (7th Cir. 2003)(stating that "'[a] witness may not be impeached on a collateral matter by use of extrinsic evidence. . . .'")(quoting *United States v. Roulette*, 75 F.3d 418, 423 (8th Cir. 1996)).

With regard to Defendants' motion to question Walker about certain acts in prison, Defendants have shown that certain alleged acts of misconduct by Walker in prison are directly relevant to Walker's retaliation claim and are thus admissible. Therefore, we grant Defendants' Motion in Limine number 3.

### D. Evidence of Settlements (Ds Mot. in Lim. 4)

Defendants move in their Motion in Limine number 4 to bar evidence relating

to the settlement or resolution of other lawsuits. Walker argues that he can offer the evidence for a purpose not to infer liability. However, Walker has not identified a valid and admissible purpose for which such evidence would be used. Evidence relating to other settlements has no probative value with respect to the issues in this trial and is barred by Federal Rule of Evidence 408 which explicitly excludes evidence of settlement negotiation. Fed. R. Evid. 408. Since Walker has not identified an appropriate admissible purpose for using such evidence, we grant Defendants' Motion in Limine number 4.

### E. *Monell* Evidence (Ds Mot. in Lim. 5)

Defendants move in their Motion in Limine number 5 to bar any evidence or arguments relating to other lawsuits, other claimed incidents, other investigations, or the disciplinary history of any correctional officer that would relate to Cook County policies or customs and would support a *Monell* claim. The *Monell* claims are no longer alive in this case. *Walker*, 526 F.3d at 978. Walker has not shown that such evidence would be admissible for other purposes and such evidence would therefore be overly prejudicial. Therefore, we grant Defendants' Motion in Limine number 5.

### F. Grand Jury Investigation (Ds Mot. in Lim. 6)

Defendants move in their Motion in Limine number 6 to bar any evidence or argument concerning the grand jury investigation into the Cook County Department

of Corrections ("CCDOC"). Such evidence relates only to the *Monell* claims that are no longer alive in this case. *Id.* Walker has not shown that any individual Defendants in this case were the subject of the Grand Jury investigation. Also, even if any individual Defendants had been investigated, there is no evidence of any indictment that followed and such evidence would be inadmissible under Rule 404(b) as prior bad acts to prove the individual Defendants' character. Such evidence would also be inadmissible as overly prejudicial under Rule 403. Therefore, we grant Defendants' Motion in Limine number 6.

### G. U.S. Department of Justice Inspection Report (Ds Mot. in Lim. 7)

Defendants move in their Motion in Limine number 7 to bar any evidence or arguments concerning the United States Department of Justice's inspection of the Cook County Jail and report. Such a report by the Department of Justice is not a final adjudication on the claims addressed in the report. The investigation was conducted three years after the incidents in question in this case. The report relates mainly to the *Monell* claims that are no longer alive in this case. Therefore, such a report would be overly prejudicial and we grant Defendants' Motion in Limine number 7.

### H. Punitive Damages and Indemnification (Ds Mot. in Lim. 8)

Defendants move in their Motion in Limine number 8 to bar any evidence or arguments relating to punitive damages against Cook County or relating to

indemnification. Walker concedes that he is not going to seek punitive damages against Cook County. (W. Ans. Ds Mot. in Lim. 8, 1). Walker also states in response to Defendants' motion that he does not intend to present evidence concerning indemnification unless Defendants open the door. (W. Ans. Ds Mot. in Lim. 8, 1). Evidence of indemnification would also be unfairly prejudicial to Defendants. Therefore, we grant Defendants' Motion in Limine number 8.

### I. Negligent Treatment at Health Center (Ds Mot. in Lim. 9).

Defendants move in their Motion in Limine number 9 to bar any evidence or argument indicating that Walker received negligent medical care at the Cermak Health Services. Walker states in response to Defendants' motion in limine that he does not intend to argue that his treatment at the health center was negligent. He contends that his argument relates to the delays in according him proper health treatment. As Defendants correctly point out, the CCDOC is not the same entity as Cermak Health Services and is not responsible for the quality of medical care at the health center. Therefore, we grant Defendants' Motion in Limine number 9. The court further notes that subsequent to the court's oral ruling on these motions in limine Walker has moved voluntarily to dismiss with prejudice his Section 1983 claim for inadequate access to medical care.

### J. Other Lawsuits (D. Mot. in Lim. 11)

Defendants move in their Motion in Limine number 11 to bar evidence or

arguments regarding other lawsuits. Walker indicates he does not intend to introduce such evidence unless Defendants open the door to make such evidence relevant and otherwise admissible. (W. Ans. Ds Mot. in Lim. 11, 1). Also, there is no need to address the alleged "code of silence" since the *Monell* claims are no longer alive in this case. *Walker*, 526 F.3d at 978. Walker has not shown that the other cases are related to the instant case in any way and the prejudicial effect substantially outweighs the probative value of such evidence. Therefore, we grant Defendants' Motion in Limine number 11.

K. Walker's Expert (D. Mot. in Lim. 12)

Defendants move in their Motion in Limine number 12 to bar the testimony and opinions of Walker's expert Warden Charles M. Montgomery ("Montgomery"). This court has already ruled that Montgomery's opinions are barred as untimely due to Walker's failure to properly disclose the expert. Walker concedes, in light of the court's prior rulings, that Montgomery's opinions and testimony is barred at trial. Therefore, we grant Defendants' Motion in Limine number 12.

III. Walker's Motions in Limine

Walker has also filed two Motions in Limine.

A.  Adverse Inference Instruction (P. Mot. in Lim. 1)

Walker moves in his Motion in Limine number 1 to require a jury instruction that would allow the jury to draw the inference that certain critical documents Defendants did not produce during discovery would have revealed evidence unfavorable to Defendants.  We note, however, that Walker never filed a motion to compel the discovery that he now contends was never turned over and the request is thus untimely.  Furthermore, the particular discovery that is the subject of Walker's motion for an adverse inference instruction is mainly related to Walker's *Monell* claims, which are no longer alive in this case.  Walker also has not shown that Defendants acted in bad faith or that sanctions are appropriate.  Therefore, we deny Walker's Motion in Limine number 1.

B.  Prior Convictions and Pending Charges (P. Mot. in Lim. 2)

Walker moves in his Motion in Limine number 2 to bar evidence concerning his prior three convictions and his pending criminal and disciplinary charges. Defendants correctly point out that the 1997 convictions occurred more than ten years ago, but Walker's release was in 2000 and thus the conviction is not barred by Rule 609.  In regard to the 1991 conviction, Defendants have shown that evidence concerning Walker's conviction would be admissible pursuant to Rule 404(b) "as proof of motive, opportunity, intent, preparation, plan. . . ." Fed. R. Evid. 404(b). Evidence relating to the convictions and charges is relevant to showing Walker's disregard for rules and laws in society, which is a key issue in this case based upon

Walker's claims of retaliation and is not overly prejudicial. Therefore, we deny Walker's Motion in Limine number 2.

## CONCLUSION

Based on the foregoing analysis we deny Walker's Motions in limine. We also grant Garrett's Motions in Limine and we grant Defendants' Motions in Limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 9, 2009